# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
### (Charleston Division)

| | |
|---|---|
| FORTRA LLC and ECRIME MANAGEMENT STRATEGIES INC., d/b/a PHISHLABS,<br><br>        Plaintiffs,<br><br>    v.<br><br>DOPPEL INC. and PATRICK LELAND,<br><br>        Defendants. | C/A No.: 2:25-cv-03783-DCN<br><br>**DOPPEL INC.'S LOCAL RULE 26.03 ANSWERS TO INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure, Rule 26(f), Local Rule 26.03, and this Court's Scheduling Order, Defendant Doppel Inc. ("Doppel") submits these answers to the Local Rule 26.03 Interrogatories as a supplement to the Joint Rule 26(f) Report.

**I.     DOPPEL'S STATEMENT OF THE CASE**

Doppel denies the allegations from Plaintiffs Fortra LLC and Ecrime Management Strategies Inc., doing business as PhishLabs ("PhishLabs") that it engaged in any unlawful conduct, misappropriated trade secrets, or tortiously interfered with any contracts. Doppel lawfully hired several former employees of Plaintiffs, as is common in the industry, and did not solicit or encourage any employee to violate any contractual obligations. Doppel further denies that it used or benefitted from any confidential or trade secret information belonging to Plaintiffs.

Doppel also disputes Plaintiffs' claims regarding alleged false statements on its website, asserting that any comparative marketing materials were made in good faith and based on Doppel's understanding of the industry at the time. Doppel promptly removed the content at issue upon receiving Plaintiffs' correspondence and instructed its employees to respect any ongoing obligations they owed PhishLabs.

Doppel asserts that Plaintiffs' claims are without merit and that Plaintiffs have failed to state certain claims upon which relief can be granted.  Doppel further denies that it caused any harm to Plaintiffs or that Plaintiffs have suffered any actual damages as a result of Doppel's actions.  Doppel will vigorously defend against all claims and seeks dismissal of Plaintiffs' claims in their entirety.

## II.     DOPPEL'S POTENTIAL FACT WITNESSES

Doppel has not yet determined all the witnesses they will likely call in this case but will identify witnesses as discovery progresses and as such matters are revealed in the factual discovery in this case.  In addition to any witnesses named by Plaintiff, persons likely to have discoverable information which Doppel may use to support its defenses include (but are not limited to) those identified below:

- Defendant Patrick Leland is a named defendant in this case and may testify about the allegations and claims in Plaintiff's First Amended Complaint ("FAC") as well as facts supporting Defendants' defenses.

- Kevin Tian is the Chief Executive Officer of Doppel and may testify about the allegations and claims in the FAC as well as facts supporting Defendants' defenses.

- Rahul Madduluri is the Chief Technical Officer of Doppel and may testify about the allegations and claims in the FAC as well as facts supporting Defendants' defenses.

- Tim Sawyer is a former employee of Doppel and may testify about the allegations and claims in the FAC as well as facts supporting Defendants' defenses.

- Corporate Representative(s) of PhishLabs with the knowledge of the allegations

and claims in the FAC may testify regarding those allegations and claims.

### III. DOPPEL'S POTENTIAL EXPERT WITNESSES

Doppel has not yet determined all the expert witnesses they will likely call in this case but will identify expert witnesses as discovery progresses and as such matters are revealed in the discovery in this case. The subject matter and field of expertise of experts that Doppel may use to support its defenses include (but are not limited to) those identified below:

- Digital Forensics Expert to discuss the use, transfer, and storage of data in the matter
- Trade Secrets Expert to discuss the alleged trade secrets at issue in the matter
- Damages Expert to discuss potential damage calculations in the matter
- Marketing and/or Survey Expert to discuss advertising in the matter

### IV. DEFENSES

Doppel denies any and all allegations of wrongdoing or liability of any sort, as set forth fully in the Answer filed on July 25, 2025. Doppel provides the following statutory and caselaw authorities supporting its various defenses, reserving all rights to assert these defenses more specifically or with other authority, and to assert additional defenses not identified in their Answer or here, after additional research and investigation:

- Failure to State a Claim under the Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.);
- Failure to State a Claim under South Carolina Trade Secrets Act (SCTSA) (S.C. Code § 39-8-10 et seq.);
- Information Readily Available – *Atwood Agency v. Black*, 374 S.C. 68, 646 S.E.2d 882 (2007);

- Independent Development – *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 490 (1974);

- No Misappropriation – *Air Prods. & Chemicals, Inc v. Chas. S. Tanner Co. Et Al*, No. 79-826, 1983 WL 51915 at *45 (D.S.C. May 2, 1983);

- Claim Preemption – South Carolina Trade Secrets Act (SCTSA) (S.C. Code § 39-8-110);

- Failure to State a Tortious Interference with Contract Claim – *Eldeco, Inc. v. Charleston Cnty. Sch. Dist.*, 372 S.C. 470, 481-82 (2007);

- Standing (Privity) – *1500 Range Way Partners, LLC v. JPMorgan Chase Bank, Nat. Ass'n*, 800 F. Supp. 2d 716, 721 (D.S.C. 2011);

- Justification – *Gailliard v. Fleet Mortg. Corp.*, 880 F. Supp. 1085, 1089 (D.S.C. 1995);

- Unenforceability/unconscionability – *Jackson v. Bi-Lo Stores, Inc.*, 313 S.C. 272, 437 S.E.2d 168 (Ct. App. 1993);

- Failure to State a Claim under the Lanham Act (15 U.S.C. § 1051 et seq.)

- Laches – *Robinson v. Est. of Harris*, 388 S.C. 645, 656 (2010)

- Truth – *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1138 (4th Cir. 1993)

- Opinion – *Design Res., Inc. v. Leather Indus. of Am.*, 789 F.3d 495, 502 (4th Cir. 2015);

- Failure to State a Claim under South Carolina Unfair Trade Practices Act (SCUPTA) (S.C. Code § 39-5-20 et seq.);

- No Adverse Public Impact – *Jefferies v. Phillips*, 316 S.C. 523, 451 S.E.2d 21, 23 (Ct. App. 1994);

- 5 -

- Lack of Unfair/Deceptive Trade Practices – *In re Riley*, 478 B.R. 736, 749-50 (Bankr. D.S.C. 2012);

- No Benefit Has Been Conferred – *Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. 6:08-CV-03980-GRA, 2010 WL 11530748 at *6 (D.S.C. Apr. 8, 2010)

- Failure to Mitigate Damages – *Baril v. Aiken Reg'l Med. Centers*, 352 S.C. 271, 285, 573 S.E.2d 830, 838 (Ct. App. 2002);

- No Damages – S.C. Code Ann. § 39-8-40;

- Punitive Damages Unconstitutional. Doppel has asserted that the award of punitive damages in this case would violate the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and similar provisions of the South Carolina Constitution, and the statutory cap on punitive damages;

- Punitive Damages Statutory Cap under S.C. Code Ann. § 15-32-530;

- Other factual defenses.

Doppel again expressly reserves all rights to assert the above-stated defenses more specifically or with other authority, and to assert additional defenses not identified in their Answer or here, after additional research and investigation.

Dated: October 14, 2025

      /s/ John P. Linton, Jr.
John P. Linton, Jr. (Fed ID# 11089)
Linton@wglfirm.com
Direct: (843) 727-2252
**WALKER GRESSETTE & LINTON, LLC**
Mail: P.O. Drawer 22167, Charleston, SC 29413
Office: 66 Hasell Street, Charleston, SC 29401
Phone: (843) 727-2200

Clement Roberts (Pro Hac Vice)
croberts@orrick.com
Catherine Y. Lui, (Pro Hac Vice)
clui@orrick.com
Reese Oñate (Pro Hac Vice)
ronate@orrick.com
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant* DOPPEL INC.